VIOLET BLACK, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, April 6, 1908.**

1. **PASSENGER CARRIERS: Operator: Evidence: Instruction.** *Held,* the evidence and an instruction asked by the defendant sufficiently show that it was operating the car in which the alleged personal injury occurred.

2. **————: Alighting Passenger: Evidence: Instruction.** An instruction relating to the liability of defendant for an alleged personal injury and summarized in the opinion is held sufficient and to have been supported by the evidence.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale,* Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1) There was no evidence tending to prove that defendant owned or operated the line of street railway or the car upon which plaintiff was a passenger, and for this reason the court erred in overruling defendant's demurrer to the evidence in the form of a peremptory instruction for the defendant at the close of plaintiff's case. Lindsey v. Railroad, 36 Mo. App. 51; Kaltenbaugh v. Railroad, 34 Mo. App. 148; Geiser v. Railroad, 61 Mo. App. 462; Gilbert v. Railroad, 23 Mo. App. 65; Cochran v. Railroad, 113 Mo. 366; Glover v. Nut & Bolt Co., 153 Mo. 327; Sappington v. Railroad, 95 Mo. App. 393. (2) The court erred in refusing to give an instruction in the nature of a demurrer to the evidence

asked by defendant, at the close of plaintiff's case, because plaintiff had offered no evidence tending to prove that defendant was guilty of any negligence, and particularly the negligence charged in the petition. (3) The court erred in giving plaintiff's instruction numbered one, because there was no evidence upon which to base said instruction. Taylor v. Railroad, 93 Mo. 79; McAtee v. Vanlandingham, 75 Mo. App. 45; Keithley v. Southworth, 75 Mo. App. 442; Culbertson v. Railroad, 140 Mo. 35. This instruction was further erroneous because its effect was to declare that the starting of the car was conclusive evidence of negligence. Clay v. Railroad, 17 Mo. App. 629; Brown v. Railroad, 50 Mo. 461.

*Bird & Pope,* for respondent, filed argument.

BROADDUS, P. J.—The plaintiff's suit is to recover for injuries to her person claimed to have been received while a passenger on defendant's car on the 28th of January, 1905. That part of the petition setting out the cause of her injury is as follows: "That on or about January 28, 1905, at about the hour of 6:20 o'clock A. M. of said day, plaintiff was a passenger on an electric car of said defendant bound or going toward Kansas City, Missouri, and when said car came to a stop for West Twenty-Fourth street, plaintiff proceeded to alight therefrom and while plaintiff was in the act of alighting from said car, said car was carelessly and negligently started, moved or run forward by said defendant and its agents, servants, and employees in charge of said car, whose names are to the plaintiff unknown, and before plaintiff had alighted from said car and without giving plaintiff any warning, although said defendant and its agents, servants and employees knew, or by the exercise of reasonable care should have known, that plaintiff was in the act of alighting from said car, and plaintiff, by reason thereof, was hurled and thrown from said car. . . ." The judgment was for plaintiff in

the sum of $1,000, from which defendant appealed. At the close of all the evidence, defendant asked the court to direct the jury to return a verdict for the defendant. This request the court denied.

The defendant assigns as error, the action of the court in refusing the peremptory instructions asked. The reason given why the instructions should have been given are two: First, because it was not shown that defendant had any connection whatever with the southwest boulevard electric line, or with the car upon which plaintiff was a passenger. Second, because there was no evidence that at the time the car stopped plaintiff was in the act of alighting therefrom. As to the first proposition the evidence was to the following effect. Plaintiff was asked:

"Q. You took what they call a Southwest Boulevard car? A. Yes, sir, took the Rosedale car and then changed on Twenty-fourth. Q. Of the Metropolitan Street Railway? A. Of the Metropolitan Street Railway."

Albert R. Straight, who was the conductor on the car at the time the plaintiff was hurt, testified in the case. He was asked. "Q. Did you ever work for the street car company? A. Yes, sir. Q. Was you working for them on the 28th day of January, 1905? A. Yes, sir. Q. In what capacity was you working for them? A. Conductor."

We think the evidence stated, and there was other of a similar character, tended to show that defendant was operating the car at the time plaintiff was injured.

If the defendant was not connected with the operation of the line in question, that was a sufficient defense, and it was not necessary for it to go to the trouble and expense to defend against the charge of negligence. Had defendant in good faith made the statement to the court in the beginning that it was not connected with the operation of the car in question we suppose that the

plaintiff would not have proceeded further with the case until that question was settled, and the court would have suggested that the case proceed no further if the statement appeared to be true. We do not understand the defendant even at this late day, to urge upon the court as a reason for setting aside the judgment, that it was against the wrong party.

But aside from all that has been said, defendant in instruction seven given at its request in effect acknowledged that its servants were operating the car at the time plaintiff was injured. It reads as follows: "If the jury believe from the evidence that at the time and place mentioned, both parties, the plaintiff and defendant's servants, were guilty of concurrent negligent acts or conduct, which directly contributed to plaintiff's injuries, then the plaintiff cannot recover, and the jury must return a verdict for defendant." In view of this admission we presume the defendant will no longer insist that it was not operating the car in question at the time mentioned.

The second ground that there was no evidence to support the verdict we believe is also without merit. In short plaintiff testified, that she was on the platform ready to step off and was in the act of doing so when the car started suddenly and she was thrown down. The plaintiff was greatly worried by the cross-examination of defendant's counsel and at times contradicted some of her own statements but in the main she was consistent in her evidence that the car stopped at Twenty-fourth street and that while she was in the act of getting off, the car started and she fell to the street.

Instruction numbered one given on behalf of plaintiff is claimed to be erroneous and prejudicial. The specific grounds assigned are, that there was no evidence upon which to base it, and that its effect was to declare that the starting of the car was conclusive evidence of negligence. The first objection is answered already. As

to the second objection, we think defendant has misconceived the scope of the instruction. It requires the existence of other facts before the defendant would be liable for plaintiff's injury, viz.: That plaintiff was a passenger; that the car stopped at Twenty-fourth street for the purpose of allowing passengers to alight; that while plaintiff was proceeding to alight defendant's agents in charge of the car started it forward without giving her warning or reasonable time to alight therefrom; that by reason thereof plaintiff was thrown down and injured; and that plaintiff herself was acting with proper care. It seems to us that the instructions contain about all that was necessary to render defendant liable. We have failed to detect the slightest error in the trial. Affirmed. All concur.